|  |  |
|---|---|

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKE ARRIOLA and MARLINE ARRIOLA,<br><br>        Plaintiffs,<br><br>    v.<br><br>FLAGSTAR BANK, a business entity form unknown, and DOES 1-100, inclusive,<br><br>        Defendants. | 2:15-CV-09744 RSWL (JEM)<br><br>**ORDER re: DEFENDANT'S MOTION TO DISMISS PLAINTIFFS ARRIOLA'S COMPLAINT** [6]; **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** [7] |

   The present Motion to Dismiss arises from an action brought by a mortgage loan borrower, Mike Arriola ("Mr. Arriola"), and his spouse Marlene Arriola (collectively, "Plaintiffs") against a mortgage loan servicer, Flagstar Bank ("Defendant").  Plaintiffs allege a series of violations of the California Homeowner's Bill of Rights Act ("HBOR") by Defendant in connection with Mr. Arriola's attempt to obtain a second modification of his mortgage loan.

1     Now before this Court is Defendant's Motion to
2 Dismiss Plaintiffs' Complaint [6] and Defendant's
3 Request for Judicial Notice in Support of Motion to
4 Dismiss Plaintiffs' Complaint [7].  For the reasons
5 discussed below, this Court **GRANTS** Defendant's Request
6 for Judicial Notice [6] and **GRANTS** Defendant's Motion
7 to Dismiss [7] in its entirety, with leave to amend.

                **I.    BACKGROUND**

**A.  Factual Background**

10         On February 6, 2008, Mr. Arriola entered into
11 a written loan agreement in the amount of $185,000.00
12 and obtained a mortgage loan (the "Loan") to purchase
13 the subject property.  Compl. ¶ 16, ECF No. 1-3.  The
14 subject property was then Plaintiffs' principal
15 residence.  Id.  Plaintiffs performed under the Loan as
16 required, until such time as they experienced financial
17 hardship.  Id. at ¶ 17.  Mr. Arriola defaulted on the
18 Loan.  See Def.'s Req. for Jud. Notice ("RJN") Ex. 5.
19 On June 1, 2010, Mr. Arriola and Defendant entered into
20 a loan modification agreement.  Id. at Ex. 7.  Mr.
21 Arriola then defaulted on the loan modification
22 agreement.

23     On November 20, 2012, Plaintiffs allegedly
24 submitted a loan modification package to Defendant.
25 Id. at ¶ 20.  On January 8, 2013, Defendant sent a
26 letter to Plaintiffs informing them their application
27 was incomplete.  Compl. ¶ 24; RJN Ex. 9.  On March 19,
28 2013, Plaintiffs filed a petition for relief under

Chapter 7 of the United States Bankruptcy Code. Compl. ¶ 29; RJN Ex. 12. On August 1, 2013, an order was entered granting Defendant relief from the automatic stay. <u>See</u> RJN Ex. 11. Plaintiffs allege that on June 12, 2013 and July 11, 2013, they submitted subsequent loan modification applications. Compl. ¶¶ 31, 34.

**B.  <u>Procedural Background</u>**

On November 2, 2015, Plaintiffs filed their Complaint against Defendant. <u>See</u> Not. of Removal, Ex. A, ECF No. 1. On December 18, 2015, the present Action was removed from Los Angeles Superior Court to this Court [1]. On December 24, 2015, Defendant filed the present Motion to Dismiss [6]. On January 7, 2016, this Court issued its Order adjusting the briefing schedule and allowing Plaintiffs until January 11, 2016 to oppose or otherwise respond to Defendant's Motion [9]. On January 11, 2016, Plaintiffs filed their Opposition [10]. On January 15, 2016, Defendant filed its Reply [12]. A hearing for the Motion was set for January 26, 2016. On January 21, 2016, this Court determined that the motion was suitable for determination without a hearing and took the hearing off-calendar [13].

## II.  DISCUSSION

**A.  <u>Legal Standards</u>**

   1.  <u>Judicial Notice</u>

A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is

generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

    2.   <u>Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)</u>

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal can be based on "the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). A complaint "should not be dismissed under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Id.</u> (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). In a Rule 12(b)(6) motion to dismiss, a court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

4

1  recitation of a cause of action's elements will not
2  do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555
3  (2007) (internal citation omitted). A complaint must
4  "contain sufficient factual matter, accepted as true,
5  to state a claim to relief that is plausible on its
6  face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
7  (internal quotation marks omitted).

      3.   <u>Federal Courts' Liberal Policy Regarding Leave to Amend</u>

Federal Rule of Civil Procedure 15(a) provides that a party may amend their complaint once "as a matter of course" before a responsive pleading is served. Fed. R. Civ. P. 15(a). Subsequently, the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." Id. Leave to amend lies "within the sound discretion of the trial court." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

**B.  Analysis**

      1.   <u>Defendant's Request for Judicial Notice</u>

A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

1    Defendant requests that this Court take judicial
2 notice of thirteen items in support of its Motion to
3 Dismiss Plaintiffs' Complaint.  See RJN, ECF No. 7.
4 Upon review of Defendant's Request and the attached
5 supporting Exhibits, this Court **GRANTS** Defendant's
6 Request for Judicial Notice [7] as to all thirteen
7 items, however the Court takes judicial notice of the
8 fact, and not the contents of, Requests numbers nine
9 and thirteen.  Lee v. City of Los Angeles, 250 F.3d
10 668, 690 (9th Cir. 2001).
11    2.   Parties' Failure to Comply with Local Rule 7-3
12    Defendant contends that "[t]his motion is made
13 following an attempt to have a conference with counsel
14 pursuant to L.R. 7-3, but [Defendant's] call to counsel
15 for Plaintiffs, Ashley Tuchman, was not returned."
16 Mot. 1:16-22.
17    Local Rule 7-3 requires that "counsel contemplating
18 the filing of any motion shall first contact opposing
19 counsel to discuss thoroughly, preferably in person,
20 the substance of the contemplated motion and any
21 potential resolution."  L.R. 7-3.  The Local Rule
22 further requires that this conference shall take place
23 at least seven (7) days prior to the filing of the
24 motion.  Id.  Here, Defendant's Motion [6] was filed
25 without the parties engaging in a "meet and confer" as
26 required by Local Rule 7-3.
27    Plaintiffs do not address the parties' failure to
28 comply with Local Rule 7-3 in their Opposition, nor do

6

they argue that the parties' failure to "meet and confer" pursuant to L.R. 7-3 will result in prejudice to Plaintiffs.  Thus, as it is not apparent to the Court that Plaintiffs will be prejudiced by this Court's consideration of Defendant's Motion on the merits,[1] the Court exercises its discretion to do so. Reed, at *6; See Thomas v. U.S. Foods, Inc., No. 8:12-cv-1221-JST (JEMx), 2012 WL 5634847, at *1 n. 1 (C.D. Cal. Nov. 14, 2012)  (considering the plaintiff's motion despite failure to comply with Local Rule 7-3). However, the Court admonishes the parties of the seriousness of its failure to follow the Local Rules, and cautions both parties to fully comply with all local rules in the filing of any future motions.

       3.   Defendant's Motion to Dismiss

            a.  *Plaintiffs' section 2923.6 and section 2923.7 claims are preempted.*

In their Complaint, Plaintiffs allege Defendant violated Cal. Civ. Code §§ 2923.6(c)-(f) and § 2923.7. See generally Compl., ECF No. 1-3.  Plaintiffs generally contend that Defendant, in violation of HBOR, failed to properly review Plaintiffs' loan modification applications and failed to adequately communicate with Plaintiffs regarding their applications and loan

---

[1] Defendants discuss and evidence in their Reply that the parties have communicated extensively prior to the filing of this Motion, and it seemed unlikely that the parties would have resolved the substance of this Motion in the requisite Rule 7-3 meeting.  Reply 6:6-15; see Reply Ex. A.

7

1  modification alternatives.  Defendants argue Plaintiffs
2  HBOR claims are expressly preempted by federal
3  regulations promulgated under HOLA and the Office of
4  Thrift Supervision, Department of the Treasury ("OTS"),
5  and as such must be dismissed.  Mot. 5:13-14, ECF No.
6  6.  This Court finds Plaintiffs' claims one through
7  five, pursuant to Cal. Civ. Code §§ 2923.6 and 2923.7,
8  are expressly preempted by HOLA and the OTS and thus
9  must be dismissed.
10      State laws can be preempted through: (1) express
11 preemption; (2) field preemption; and (3) conflict
12 preemption.  Barnett Bank of Marion Cnty., N.A. v.
13 Nelson, 517 U.S. 25, 30-31 (1996); Akopyan v. Wells
14 Fargo Home Mortg., Inc., 215 Cal. App. 4th 120, 138
15 (Cal. Ct. App. 2013).  For preemption purposes,
16 regulations have the same preemptive effect as
17 statutes, and the court should defer to the regulatory
18 agency's interpretation of the statute.  Louisiana Pub.
19 Serv. Comm'n v. F.C.C., 476 U.S. 355, 368-389 (1986).
20 Thus, in evaluating whether a state law is preempted,
21 the Court should first determine if it is among the
22 types expressly preempted.  Silvas v. E*Trade Mortg.
23 Corp., 514 F.3d 1001, 1005-06 (9th Cir. 2008).  If the
24 state law is expressly preempted, the court's analysis
25 ends there and the preempted claims must be dismissed.
26 Id.; McFadden v. Federal Nat. Mortg. Ass'n, 21012 WL
27 37169 at *4 (W.D. Va. 2012).  If the state law is not
28 expressly preempted, the Court should determine

8

"whether the law affects lending. If it does, . . . the presumption arises that the law is preempted." <u>Silvas</u>, 514 F.3d at 1005-06. "Any doubt should be resolved in favor of preemption." <u>Aguayo v. U.S. Bank</u>, 653 F.3d 912, 921 (9th Cir. 2011).

Defendant is a federally chartered savings bank and thus its mortgage loan services are governed by HOLA and the OTS. <u>See</u> RJN, Exs. 1, 2. The loan at issue was made in 2008, and thus HOLA and the OTS apply. <u>See</u> Compl. ¶ 16. The express preemption of sections 2923.6 and 2923.7, under which Plaintiffs bring their first five claims, is apparent upon review of both precedent and the plain language of the federal regulations promulgated under HOLA and the OTS.

"Through HOLA, Congress gave the [OTS] broad authority to issue regulations governing thrifts . . . As the principal regulator for federal savings associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2." <u>Biggins</u>, 266 F.R.D. at 416 (citing <u>Silvas</u>, 514 F.3d at 1005)). "Under HOLA, the OTS enjoys 'plenary and exclusive authority . . . to regulate all aspects of the operations of Federal savings associations' and its authority 'occupies the entire field of lending regulation for federal savings associations.'" <u>Thomas v. Wells Fargo Bank, N.A.</u>, 2016 WL 184405 at *5 (S.D. Cal. Jan. 2016) (citing 12 C.F.R. §§ 545.2, 560.2(a)). "The Ninth Circuit has stated that the enabling statute and subsequent agency

1  regulations are 'so pervasive as to leave no room for
2  state regulatory control.'" Id. (citing Conference of
3  Fed. Sav. & Loan Ass'ns v. Stein, 604 F.2d 1256, 1260
4  (9th Cir.1979), aff'd, 445 U.S. 921 (1980)).  This
5  Court accordingly findS HOLA preempts HBOR in the field
6  of mortgage servicing.  This Court further finds, after
7  engaging in the process of preemption analysis of the
8  sections at issue here below, that HBOR sections 2923.6
9  and 2923.7 are expressly preempted by HOLA.
10      In analyzing a state law under the OTS' regulation,
11 a court first "considers whether the state law under
12 consideration fits within a listed express preemption
13 category [under paragraph (b)]." Aguayo, 653 F.3d at
14 921, accord Silvas, 514 F.3d at 1005 (citation
15 ommitted).  Paragraph (b) of the OTS' regulation
16 "provide[s] a list of specific types of state laws that
17 are preempted." Silvas, 514 F.3d at 1005.  The
18 regulation states, "the types of state laws preempted
19 by paragraph (a) of this section include, without
20 limitation, state laws purporting to impose
21 requirements regarding . . . (10) [p]rocessing,
22 origination, servicing, sale or purchase of, or
23 investment or participation in, mortgages . . . ." Id.
24 (emphasis added).  The Ninth Circuit has emphasized
25 that the OTS preempts the area of mortgage servicing,
26 "because there has been a history of significant
27 federal presence in national banking." Silvas, 514
28 F.3d at 1005, quoting Bank of Am. v. San Francisco, 309

F.3d 551, 559 (9th Cir. 2002)). This Court finds it is clear from the OTS' regulation that state laws regulating mortgage servicing are expressly preempted by HOLA.

Furthermore, district courts in the Ninth Circuit and elsewhere have repeatedly held that processing loan modification requests constitutes "servicing" for purposes of 12 C.F.R. § 560.2(b)(1) and its preemption of state laws.[2] In Biggins, plaintiffs alleged defendants violated the same HBOR section at issue in Plaintiffs' claims one through five, Cal. Civ. Code § 2923.6. 266 F.R.D. at 417. The court dismissed plaintiffs' claim, reasoning "[t]hat law specifically refers to loan modifications and references [] duties servicers may owe to parties in a loan pool . . . ." Id. The court noted the claim "directly implicates [HOLA] § 560(b)(10), which preempts state laws relating

---

[2] See, e.g., Newhouse v. Aurora Bank FSB, 915 F.Supp.2d 1159, 1167 (E.D. Cal. 2013) (finding allegations regarding loan modification are preempted by 12 C.F.R. § 560.2(b)(10) in that they expressly attack the servicing of the loan); DeLeon v. Wells Fargo Bank, N.A., 729 F.Supp.2d 1119, 1127 (N.D. Cal. 2010) (finding that a California statute that "affects the servicing of mortgages [] implicates HOLA's express preemption of state laws regulating the "processing" and "servicing" [of] mortgages"); see also Smallwood v. Sovereign Bank, F.S.B., 2012 WL 243755, at *9 (N.D. W. Va. 2012) (finding "by its very nature, obtaining a loan modification involves 'processing, origination, [and] servicing . . . of . . . mortgages.' 12 C.F.R. § 560.2(b)(10), as a modification requires processing and the resulting mortgage requires servicing."). In Smallwood, the court noted, "[b]ecause a loan modification by definition results in new loan terms, a request for a loan modification clearly relates to 'terms of credit' and is expressly preempted." 2012 WL 243755 at *9 (citing McFadden, 2012 WL 37169 at *4).

to 'processing, origination, servicing, sale or purchase of, or investment or participation in mortgages.'" Id. In Thomas, the court similarly held plaintiffs' section 2923.6 and 2923.7 claims were expressly preempted by HOLA. 2016 WL 184405 at *5. The Thomas court noted, "OTS Regulation 560.2(b) expressly preempts state regulation of federal thrift activities dealing with, *inter alia* . . . loan processing . . . and servicing of mortgages. Federal courts have held that claims for violations of Cal. Civ. Code §§ 2923.6 and 2923.7 . . . are preempted by HOLA." Id.

  Paragraph (c) of the OTS regulation contains a savings clause, providing that state laws affecting areas such as contract, commercial, real property, and criminal law are not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with paragraph (a) of this section . . . ." Silvas, 514 F.3d at 1005. Plaintiff contends that "the OTS does not include foreclosure[,] which suggests that HOLA did not intend to preempt HBOR[,] which regulates when a servicer can properly proceed with foreclosure." Opp'n 4:15-18, ECF No. 10. Plaintiff thus concludes the paragraph (c) savings clause applies to exempt the HBOR provisions at issue from HOLA preemption.

  This Court finds Plaintiffs improperly construe their HBOR claims as relating to foreclosure, rather

12

than properly characterizing them, as many district courts have, as claims for violation of state loan modification regulations. See Cal. Civ. Code §§ 2923.6(c)-(f); Cal. Civ. Code § 2923.7; Cal. Civ. Code § 2924.10. Sections 2923.6 and 2923.7 regulate loan modification. As discussed above, loan modification more than "incidentally" affects lending, and thus the savings clause (paragraph (c)) cannot apply. Nonetheless, the Ninth Circuit held that if a state law fits within a listed express preemption category under paragraph (b) of the OTS regulation, the preemption analysis ends and the savings clause cannot be considered. Aguayo, 653 F.3d at 921. Thus, for this additional reason, Plaintiffs' HBOR claims are not exempted by the savings clause exempting state regulations from HOLA preemption.

In sum, this Court finds loan modification processing is a core mortgage servicing function. Accordingly the HBOR provisions regulating loan modification processes, including sections 2923.6 and 2923.7, under which Plaintiffs raised claims one through five, are expressly preempted by HOLA. As such, these claims should be **DISMISSED**, with leave to amend. If Plaintiffs' choose to amend their claims against Defendant, Plaintiffs shall not proceed against Defendant under these theories.

//
//

          *b. Plaintiffs' section 2924.10 claims fails to state a claim upon which relief can be granted.*

Plaintiffs claim Defendant violated Cal. Civ. Code § 2924.10[3] by failing to provide written acknowledgment of the receipt of Plaintiffs' alleged loan modification applications. HBOR became effective on January 1, 2013. See Cal. Civ. Code §§ 2920 *et seq.*; CAL. CONST., ART. IV, § 8(c)(1). Generally, laws are not applied retroactively, and in fact, many courts in the Ninth Circuit have found that HBOR does not apply retroactively. See, e.g., Tapia v. Wells Fargo Bank, N.A., 2015 WL 4650066 at * 4 (C.D. Cal. Aug. 2015); Rockridge Trust v. Wells Fargo, N.A., 985 F.Supp.2d 1110, 1152 (N.D. Cal. 2013); Martinez v. Wells Fargo Bank, N.A., 2014 WL 1572689 at *3 (N.D. Cal. Apr. 2014). Plaintiffs' first loan modification application was allegedly made in December 2012. Compl. ¶¶ 20, 100. Accordingly, since the statute does not apply retroactively, Plaintiffs' section 2924.10 claim is **DISMISSED** as to the alleged loan modification application made in 2012.

As to Plaintiffs' subsequent alleged loan modification applications, which Plaintiffs claim were

---

[3] Cal. Civ. Code § 2924.10(a) states: "When a borrower submits a complete first lien modification application or any document in connection with a first lien modification application . . . the mortgage servicer shall provide written acknowledgment of the receipt of the documentation within five business days of receipt."

14

made in June and July of 2013, Plaintiffs provide only vague allegations in their Complaint. As to the alleged subsequent loan modification applications, Plaintiffs simply state: "Defendants did not inform Plaintiffs in writing within 5 days of the receipt of Plaintiff's documents for the second package submitted nor was acknowledgment of documents received sent within 5 days after Plaintiff submitted documents on June 12, 2013, and July 11, 2013." Compl. ¶ 101. Plaintiffs provide no further explanation or proof of these applications for the Court's consideration and put forth no showing of when these applications were submitted. This Court finds Plaintiffs do not sufficiently plead a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). As such, Plaintiffs section 2924.10 claim is **DISMISSED** in its entirety, with leave to amend.

### III. CONCLUSION

Based on the foregoing, this Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint [6], with leave to amend, and **GRANTS** Defendant's Request for Judicial Notice [7]. Plaintiff shall file its amended complaint on or before May 3, 2016.

**IT IS SO ORDERED.**

DATED: April 12, 2016    s/ RONALD S.W. LEW
    **HONORABLE RONALD S.W. LEW**
    Senior U.S. District Judge